BYE, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s opinion affirming the district court’s grant of summary judgment in favor of defendants Sheriff Wayne Tompkins[3] and the Columbia County Sheriff’s Department. I dissent, in part, however, because I believe the grant of summary judgment as to Columbia County should be reversed.
Heather Wade allegedly discovered her nineteen-year-old husband, Ragan Wade, engaged in a sexual act -with her niece and her daughters from a previous marriage. The children ranged in age from 5 to 10. Heather ordered Ragan out of their home. As he left, Ragan threatened to kill himself rather than go to prison. Heather reported the incident, along with Ragan’s suicide threat, to police who then arrested him. Ragan was booked into the Columbia County jail, and a police report containing Ragan’s suicide threat was incorporated into the jail’s file. It is undisputed no one at the jail bothered to read Ragan’s file, and consequently no one was aware of his threat to commit suicide. Ragan later made good on his threat and hanged himself in his cell.
Appellants allege Ragan’s suicide resulted directly from the jailers’ failure to read his file and the county’s policy encouraging jailers to ignore prisoner flies. Appellants further contend the policy demonstrates a deliberate indifference to the rights of prisoners because it prevents jailers from obtaining information about prisoners’ serious medical needs, i.e., risk of suicide.
Ragan, a teenager, was accused of a disgraceful crime which engenders in others — even among other jail inmates — feelings of contempt and disgust. He was also arrested and jailed. These circumstances serve to heighten the seriousness of his suicide threat. Employees at the jail who *895 had been trained to recognize suicide risks, however, were ignorant of this serious suicide risk because the county encouraged jailers not to review prisoner files. Had jailers been made aware of Ragan’s threat, Sheriff Tompkins and jailer Claudie Davis testified they would have taken steps to implement the jail’s suicide prevention protocol.
In Gregoire v. Class, 236 F.3d 413, 418 (8th Cir.2000), we held a prison official was not deliberately indifferent to a prisoner’s risk of suicide because he waited approximately 45 minutes before acting on a call from the prisoner’s wife relaying the prisoner’s suicide threat. In so holding, however, we stated “[i]f an official completely disregarded a phone call ... alerting the official to a suicide risk, such act may well constitute deliberate indifference.” Id. Here, we have an alleged county policy which resulted in the equivalent of an official completely disregarding information that would have alerted him to a serious suicide risk. Accordingly, I would reverse the grant of summary judgment as to Columbia County and remand for further proceedings.
A true copy.

. To the extend the complaint alleges a cause of action against Sheriff Tompkins individually, I would affirm the grant of summary judgment. To the extent the complaint alleges a cause of action against Sheriff Tompkins in his official capacity, I would construe it as stating a cause of action against the county and reverse the grant of summary judgment for the reasons stated herein.